**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INSTITUTE FOR JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. ______________<br><br>Judge: ______________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff the Institute for Justice brings this complaint for declaratory and injunctive relief, and states as follows in support thereof:

**PRELIMINARY STATEMENT**

1. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id.* at 257. The statute requires that documents be "furnished without any charge or at a [reduced] charge" if disclosure of the information will "contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The statute further limits the fees that may be charged to non-commercial entities and members of the news media. *Id.* § 552(a)(4)(A)(ii)(I)-(III).

2. The Institute for Justice ("IJ") is a non-profit organization registered under section 501(c)(3) of the Internal Revenue Code. IJ is dedicated to promoting and defending civil liberties, especially the freedom of speech, school choice, economic liberties, and private property rights. It does so through a variety of mechanisms, including pro bono litigation, strategic research, media appearances, publication of information and research, and public advocacy. As relevant here, IJ gathers information of interest to the public through FOIA requests and other means, analyzes this information, and produces research reports, press releases, op-eds, informational videos, and other online content. IJ engages in extensive outreach to the media and public regarding its research, including by distributing these reports, press releases, op-eds, videos, and online content at no charge. The dissemination of this information aids the public's understanding of government activity and its impact on individual rights.

3. Recently, IJ has dedicated considerable resources to studying and informing the public about problems associated with civil forfeiture. Under civil forfeiture laws in place in many jurisdictions, property owners may permanently lose their money or other property without being convicted, or even charged, with a crime. IJ has published almost a dozen research reports on civil forfeiture and this work has been cited by numerous academic publications. *See, e.g.*, Dick M. Carpenter, *When Legal is Not Ethical: The Case of Civil Forfeiture*, 10 Int'l J. Ethics 215, 215-28 (2015). In 2010, IJ published a groundbreaking study which analyzed the civil forfeiture laws of all 50 states and the federal government. *See* Marian R. Williams et al., *Policing for Profit: The Abuse of Civil Asset Forfeiture* 45-102 (Mar. 2010), http://www.ij.org/images/pdf_folder/other_pubs/assetforfeituretoemail.pdf. A second edition of the study was released in November 2015. Both editions of the study received substantial media

coverage, including more than 300 press mentions for the second edition alone. Indeed, relying in part on IJ's research, the Washington Post recently ran a series of articles discussing forfeiture abuses. *See, e.g.*, Michael Sallah et al., *Stop and Seize: Aggressive Police Take Hundreds of Millions of Dollars From Motorists Not Charged with Crimes*, Wash. Post (Sept. 6, 2014), http://www.washingtonpost.com/sf/investigative/2014/09/06/stop-and-seize/. As a result of these and other efforts, politicians are finally beginning to take notice. The Obama Administration, for example, took action to limit federal agencies' ability to adopt property seized by state and local law enforcement. *See* Robert O'Harrow Jr. et al., *Holder Limits Seized-Asset Sharing Process that Split Billions with Local, State Police*, Wash. Post (Jan. 16, 2015), https://www.washingtonpost.com/investigations/holder-ends-seized-asset-sharing-process-that-split-billions-with-local-state-police/2015/01/16/0e7ca058-99d4-11e4-bcfb-059ec7a93ddc_story.html. And the Internal Revenue Service ("IRS") changed its forfeiture policies to limit certain civil forfeitures in response to a *New York Times* article that relied on data IJ secured from the agency through a FOIA request. *See* Shaila Dewan, *Law Lets I.R.S. Seize Accounts on Suspicion, No Crime Required*, N.Y. Times (Oct. 25, 2015), http://www.nytimes.com/2014/10/26/us/law-lets-irs-seize-accounts-on-suspicion-no-crime-required.html?_r=5; Statement of Richard Weber, Chief of I.R.S. Criminal Investigation, N.Y. Times (Oct. 25, 2014), http://www.nytimes.com/2014/10/26/us/statement-of-richard-weber-chief-of-irs-criminal-investigation.html?_r=0.

4. IJ continues to study civil forfeiture, and will create additional research reports on this topic. The IRS records all seizures of individual property valued at more than $500 in the Internal Revenue Service-Criminal Investigation Division's Asset Forfeiture Tracking and Retrieval System ("AFTRAK") database. Internal Revenue Manual, 9.7.12.2 (Apr. 2, 2013). To

fully understand the IRS's past seizures and use of forfeiture procedures, IJ seeks to review and analyze the information in that database. IJ therefore filed a FOIA request with the IRS for all records contained in the AFTRAK database from 2000 to present, as well as the documentation required to understand the database. IJ previously obtained similar data from the Department of Justice, which provided it promptly and without any charge. The IRS, however, refused to provide the data unless IJ agreed to pay an astonishing ***$753,760.00***, including $752,400.00 in review costs.

5. Because FOIA unambiguously mandates a fee waiver for requests that "contribute significantly to public understanding of the operations or activities of the government" and are "not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii), IJ was entitled to a fee waiver. In any event, the statute is clear that non-commercial requesters like IJ cannot be charged for review costs. *See id.* § 552(a)(4)(A)(ii)(I)-(III). IJ explained all this to the agency in an internal appeal. The agency, however, refused to even consider the appeal.

6. Without any remedy at the agency, IJ reluctantly brings this suit to vindicate its right under FOIA to a copy of the AFTRAK database without assessment of fees. This case seeks (i) declaratory relief that the IRS is in violation of FOIA and its own regulations for failing to fulfill Plaintiff's requests for records and for failing to grant Plaintiff's request for a waiver of fees, (ii) injunctive relief requiring the IRS to immediately and fully comply with Plaintiff's requests under FOIA without assessing improper costs, and (iii) attorney fees and reasonable costs.

**PARTIES**

7. Plaintiff the Institute for Justice is a 501(c)(3) non-profit civil liberties law firm that, among other things, litigates, provides strategic research, publishes information and

research, and advocates in support of liberty and individuals who are denied their constitutional rights. IJ is domiciled in Virginia with its offices located at 901 N. Glebe Road, Suite 900, Arlington, VA 22203.

8. Defendant the Internal Revenue Service is a component of the Department of the Treasury and an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). Defendant is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224.

9. Defendant has possession, custody, and control of the records to which Plaintiff seeks access, but has illegally denied Plaintiff access to the same.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

11. This Court has personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B), as it is an agency of the United States Government.

12. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**STATUTORY FRAMEWORK**

13. FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempted under 5 U.S.C. § 552(b). *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015). An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfil the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

14. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

15. FOIA permits an agency to charge a requester for costs "applicable to the processing of requests," subject to a number of limitations. *Id.* § 552(a)(4)(A)(i).

16. First, FOIA has a statutory scheme that assesses potential fees based on the nature of the request. "[W]hen records are requested for commercial use" the agency may assess "reasonable standard charges for *document search, duplication, and review*." *Id.* § 552(a)(4)(A)(ii)(I)-(II) (emphasis added). When "records are not sought for commercial use and the request is made by . . . a representative of the news media" the agency may assess "reasonable standard charges for *document duplication*." *Id.* § 552(a)(4)(A)(ii)(II) (emphasis added). For all other requests, the "fees shall be limited to reasonable standard charges for document *search and duplication*." *Id.* § 552(a)(4)(A)(ii)(III) (emphasis added). This statutory scheme breaks down into three types of fees—search, review, and duplication—and three types of requesters—commercial use, representatives of the news media, and all other requesters.[1] Commercial use requesters must pay all three types of fees, while representatives of the news media pay only duplication fees, and all other requesters pay search and duplication fees (but not review fees). *Id.* § 552(a)(4)(A)(ii)(I)-(III).

17. FOIA requires each agency to promulgate regulations specifying a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees. *Id.* § 552(a)(4)(A). The IRS's regulations are published at 26 C.F.R.

---

[1] These categories are simplified for purposes of this complaint. In reality, the second category, established by 5 U.S.C. § 552(a)(4)(A)(ii)(II) includes both "educational or noncommercial scientific institution[s], whose purpose is scholarly or scientific research" and "representative[s] of the news media."

§ 601.702. Those regulations conform to the scheme embodied in the FOIA statute. *See id.* § 601.702(f)(3)(iv)(A)-(C). Under these regulations, "[w]here the IRS has reasonable cause to doubt the use to which a requester shall put the records sought, or where that use is not clear from the record itself, *the IRS shall seek additional clarification from the requester before assigning the request to a specific category*." *Id.* § 601.702(f)(3)(iii) (emphasis added); *see also* 31 C.F.R. § 1.5(b)(2).

18. Second, FOIA has a fee waiver scheme for requests that further the public interest. The statute provides that "[d]ocuments shall be furnished without any charge or at a charge reduced below the fees established under [5 U.S.C. § 552(a)(4)(A)](ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The IRS regulations similarly provide that "[f]ees shall be waived or reduced . . . when it is determined that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the IRS and is not primarily in the commercial interest of the requester." 26 C.F.R. § 601.702(f)(2)(i).

**STATEMENT OF FACTS**

19. On March 3, 2015, IJ submitted a FOIA request to the IRS for all records contained in its AFTRAK database, along with corresponding information required to read the database files properly, and requested a fee waiver. In its request, IJ stated the following:

> IJ requests a waiver of all fees for this request. Disclosure of the requested information is in the public interest and is likely to contribute significantly to the public understanding of the operations or activities of the government. The Institute for Justice is a non-profit, public-interest law firm that disseminates information to help inform the public's understanding of

> government activity. The information will not be used for commercial purposes.

*See* Exhibit A attached hereto.

20. On November 16, 2015, IJ received a final response to its FOIA request from the IRS in a letter dated November 9, 2015, which stated that the estimated fee for this request is $753,760.00. *See* Exhibit B attached hereto. This fee was calculated, as explained in the letter, based upon "80 hours of search time at $17.00 per hour or fraction thereof and 34,200 hours of review time at $22.00 per hour or fraction thereof." *Id.*

21. The response did not acknowledge, much less respond to, IJ's request for a fee waiver. Nor did the response explain the IRS's determination of the fee category for IJ. But because the IRS assessed $752,400.00 in review costs based upon 34,200 hours of review time, it must have determined that IJ is a commercial use requester, as only commercial use requesters may be made to pay review costs under FOIA and the IRS's implementing regulations. 5 U.S.C. § 552(a)(4)(A)(ii)(I)-(III); 26 C.F.R. § 601.702(f)(3)(iv)(A)-(C).

22. The IRS's assertion that it would take *34,200 hours* to review the requested database is simply not credible. The request is directed to a single discrete forfeiture database. Preparing the database for production would in no way require the IRS to examine every record, but would simply involve reviewing the database's tables and columns to determine if any should be excluded based upon valid exemptions. Indeed, in May 2014, the Department of Justice complied with a similar IJ FOIA request and produced the majority of a parallel database containing forfeiture data maintained by the Department of Justice—the Consolidated Asset Tracking System ("CATS") database. The Department of Justice was able to substantially complete the production within three months of IJ's request and without charge to IJ.

23. Upon receiving the agency's unreasonable final response, IJ contacted the IRS by telephone and left a voicemail for Tax Law Specialist Reinita L. House (the contact provided in the IRS's November 9, 2015 letter, Ex. B), requesting clarification of the status of IJ's fee waiver request. Ms. House responded by email on November 17, 2015, denying IJ's fee waiver request. *See* Exhibit C attached hereto.

24. On December 14, 2015, IJ appealed the denial of its fee waiver request and determination that it was required to pay review costs. *See* Exhibit D attached hereto. This appeal was timely under the IRS regulations. 26 C.F.R. § 601.702(c)(10). In its appeal letter, IJ reiterated why it qualifies for a fee waiver, stating that its request will contribute to the public's understanding of the IRS's forfeiture operations, *see* 5 U.S.C. § 552(a)(4)(A)(iii). IJ also explained that it qualifies as a representative of the news media under FOIA, *id.* § 552(a)(4)(A)(ii)(II), and why, even if not considered a member of the news media, IJ should not be subject to fees for review costs because it is not a commercial use requester, *id.* § 552(a)(4)(A)(ii)(III). In sharp contrast to the IRS's cramped interpretation of FOIA, for example, the Department of the Treasury—which oversees the IRS—rightly considers IJ to be a representative of the news media.

25. The IRS responded to the appeal on January 8, 2016 in a one-page letter stating that the "fee waiver request was deemed imperfect/invalid because it didn't meet the FOIA requirements." *See* Exhibit E attached hereto. The agency did not specify what was lacking from IJ's fee waiver request, nor did it address the determination that IJ is a commercial use requester. The response also asserted that IJ was "not entitled to administratively appeal" the agency's previous response because a "determination by the disclosure specialist that a request is deficient in any respect is not a denial." *Id.*

26. Under FOIA, the IRS was required to make a determination with respect to IJ's FOIA request within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i). "The statute requires that, within the relevant time period, an agency must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013). Then the requester may appeal and the agency must make a determination on that appeal within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii).

27. As of the date of this Complaint, the IRS has failed to: (i) gather and review all records requested by IJ, (ii) provide a substantive determination as to IJ's eligibility for a fee waiver, and (iii) provide an explanation for its determination that IJ is a commercial use requester. The IRS has also unlawfully constructively denied IJ's appeal by refusing to actually consider it. 5 U.S.C. § 552(a)(6)(A)(ii). Because the agency has failed to respond substantively to IJ's request and appeal, IJ has exhausted administrative remedies with respect to the FOIA request, fee waiver request, and fee determination. *Id.* § 552(a)(6)(C); *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003); *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 62 (D.C. Cir. 1990).

## CLAIMS FOR RELIEF

### <u>CLAIM 1</u>
### (Failure to Grant a Fee Waiver)

28. IJ reasserts and incorporates by reference allegations 1-27.

29. FOIA entitles a requester to a fee waiver where the request furthers the "public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). In its FOIA request, IJ explained how the AFTRAK records will

contribute significantly to public understanding of the operations or activities of the government, and that such records were not being sought for commercial purposes.

30. IJ has demonstrated that it is entitled a waiver of fees associated with processing its FOIA request, because disclosure of responsive records will likely contribute significantly to public understanding of the operations or activities of the IRS in handling forfeiture matters, and such disclosure is not primarily for IJ's commercial interests.

31. Therefore, the IRS violated FOIA's mandate to grant IJ a fee waiver.

**CLAIM 2**
**(Improper Assessment of Costs)**

32. IJ reasserts and incorporates by reference allegations 1-27.

33. FOIA's statutory scheme only permits assessment of review costs on commercial use requesters. 5 U.S.C. § 552(a)(4)(A)(ii)(I)-(III).

34. IJ demonstrated that it is a representative of the news media and therefore is only required to pay duplication fees. Moreover, IJ demonstrated that even if it is not a member of the news media, it is not a commercial use requester, and thus is only required to pay search and duplication costs.

35. The IRS assessed massive review fees to IJ's FOIA request and has refused to comply with the statute without payment. The IRS did not provide grounds for this determination and failed to respond to IJ's appeal. Under its own regulations, if the IRS had questions about the use to which IJ would put the AFTRAK records, it should have sought "additional clarification from [IJ] before assigning the request to a specific category." 26 C.F.R. § 601.702(f)(3)(iii); *see also* 31 C.F.R. § 1.5(b)(2). In assessing commercial use status to IJ's request, the IRS violated FOIA and the agency's own regulations.

36. Accordingly, the IRS is unlawfully requiring payment of fees prior to processing IJ's request.

**CLAIM 3**
**(Failure to Produce Records)**

37. IJ reasserts and incorporates by reference allegations 1-27.

38. FOIA requires agencies to search for and produce all records responsive to a request unless they are lawfully exempt from production.

39. IJ submitted a lawful request for all records contained in the Internal Revenue Service-Criminal Investigations Division's AFTRAK database from 2000 to present, as well as the documentation required to understand the database. To date, IJ has not received a substantive response to this request from the IRS.

40. Therefore, the IRS has violated FOIA's mandate to respond and produce the records or explain which exemptions apply to them.

41. IJ is being harmed by reason of the IRS's violation of FOIA and unlawful withholding of records to which IJ is entitled. IJ will continue to be harmed unless the IRS is compelled to comply with the statute and produce the requested records.

**CLAIM 4**
**(Costs and Fees)**

42. IJ reasserts and incorporates by reference allegations 1-27.

43. Pursuant to 5 U.S.C. § 552(a)(4)(E), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

44. IJ is statutorily entitled to recover fees and costs incurred as a result of the IRS's improper withholding of agency records, improper denial of a fee waiver, improper assessment of fees, and refusal to fulfill the FOIA request at issue in this case.

45. IJ asks the court to order the IRS to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

WHEREFORE, IJ respectfully requests that this Court enter judgment in its favor and prays for the following relief:

(1) A declaration pursuant to 28 U.S.C. § 2201 that:

(a) The IRS has violated the Freedom of Information Act by failing to lawfully satisfy IJ's FOIA request of March 3, 2015.

(b) The IRS has violated the Freedom of Information Act by failing to grant IJ a fee waiver for its request of March 3, 2015.

(c) The IRS has violated the Freedom of Information Act by unlawfully determining that IJ is a commercial use requester, assessing inappropriate costs, and by failing to respond to IJ's appeal of the assessment.

(2) An order directing the IRS to:

(a) Respond to IJ's FOIA request of March 3, 2015.

(b) Release immediately all responsive records to IJ's FOIA request of March 3, 2015.

(c) Grant IJ a fee waiver.

(d) If denying a fee waiver, assess appropriate costs on IJ as a representative of the news media or as a non-commercial requester.

(3) An order awarding IJ its costs and attorney fees.

(4) Such other and further relief as the court deems just and proper.

November 8, 2016

Respectfully submitted,

/s/ Andrew D. Prins
Allen M. Gardner (D.C. Bar No. 456723)
Andrew D. Prins (D.C. Bar No. 998490)
Matthew J. Glover (D.C. Bar No. 1034209)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
Andrew.Prins@lw.com

*Counsel for Plaintiff*