IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR JUSTICE,<br><br>                    Plaintiff,<br>      v.<br><br>INTERNAL REVENUE SERVICE,<br><br>                    Defendant. | Case No. 1:16-cv-02406 (TNM) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL DECLARATION AND NOTICE OF COMPLIANCE**

The Internal Revenue Service ("IRS") continues to improperly withhold the vast majority of the "Asset Description" column in its most recent production of the Open/Closed Report, basing its redactions in that column on FOIA Exemptions "(b)(6), (b)(7)(C), [and] (b)(7)(F)." *See* Ex. A (revised Open/Closed Report). The IRS's latest production fails to comply with this Court's June 5, 2018 Order, which required the agency to either produce the Asset Description column "to the extent that [it was] redacted only under FOIA Exemptions 6 and 7(c), and file a notice of compliance with the Court, or else submit a supplemental declaration describing in greater detail why the production is not required by law." Dkt. No. 32 at 2-3. The Court previously noted that the IRS admitted that the information in the Asset Description column is "***already*** 'included in the public notice of seizure that the [IRS] must publish for every asset it seizes'" and that the IRS "fails to explain how ***re-releasing*** public information would reveal non-public information." *Id.* at 2 (emphasis added). The IRS's Supplemental Declaration fails to provide any such explanation or otherwise establish that the agency is not required by law to disclose the contents of the Asset

Description column.  Dkt. No. 34.¹

The IRS obliquely suggests in a footnote of its Notice of Compliance that "significant portions" of the Asset Description column may be withheld independently under FOIA Exemption 7(F), *see* Dkt. No. 35 at 1 n.1, which applies to information that, if disclosed, "could reasonably be expected to endanger the life or physical safety of any individual."  5 U.S.C. § 552(b)(7)(F).  But the IRS does not say which specific "portions" of the Asset Description column it is withholding under Exemption 7(F).  *See* Dkt. No. 35.  And to the extent that the IRS is claiming that *all* of the numerous withheld cells in the Asset Description column could be justified by Exemption 7(F) alone, that assertion strains credulity.  IJ certainly has no interest in placing anyone in danger, and does not oppose a reasonable application of Exemption 7(F) where justified.  However, the IRS has not explained, in the Exemption 7(F) context, why re-releasing information that is already made public could reasonably be expected to endanger the life or physical safety of any individual.  The only claim the IRS previously made with respect to withholding this information under Exemption 7(F) is that the column "*may* include [a] target's street address." Dkt. No. 14-3 ¶ 49 (emphasis added).  But that conjecture is insufficient to justify such extensive withholding of Asset Description information.  *See* Ex. A.  Notably, to the extent "addresses" are a genuine concern, they can easily be redacted in part or, if necessary, in whole.

Accordingly, Plaintiff respectfully requests that the Court order the IRS to produce the full contents of the Asset Description column, or at a minimum conduct *in camera* review of the

---

¹ In addition to the Asset Description column, the Court previously found that the IRS failed to adequately explain its withholding of information in the Organization, AFTRAK Number, and Investigation Number columns. Dkt. No. 32 at 2.  The IRS has now rightly abandoned its claimed exemptions with respect to the Organization and AFTRAK Number columns.  The agency's Supplemental Declaration addresses *only* the Investigation Number column, which in the interests of judicial economy Plaintiff no longer objects to the agency withholding.

unredacted Open/Closed Report to determine whether the IRS has properly asserted FOIA Exemption 7(F) over such a large amount of information. *See* Dkt. No. 28 at 10-12, 15, 21 (requesting *in camera* review); *see also* Dkt. No. 23 at 18-19 (same).

Finally, and more fundamentally, the IRS's latest production of the Open/Closed Report does nothing to resolve two critical issues that have been fully briefed by the parties on summary judgment but have not yet been resolved. First, the agency has failed to justify its application of Exemption 7(A) to withhold vast amounts of information in the Open/Closed Report that it claims would interfere with ongoing law enforcement investigations if released. Dkt. No. 28 at 19-21. The IRS has never provided a reasoned explanation of *how* disclosing this information "could reasonably be expected to interfere with enforcement proceedings." *See id.* (citing 5 U.S.C. § 552(b)(7)(A)). Nor has the agency adequately justified its wholesale withholding of rows of information in the Open/Closed Report under Exemption 7(A) when it is obvious that many combinations of columns in those rows could be disclosed without compromising an open law enforcement investigation. *See id.* at 9. Second, the IRS's latest production does nothing to relieve the agency of its obligation to conduct an adequate search for additional records other than the Open/Closed Report that are responsive to IJ's FOIA request. *See id.* at 3-7. These issues remain ripe for the Court's disposition.

[signature page follows]

Dated: September 18, 2018          Respectfully submitted,

                                               /s/ Andrew D. Prins
                                               Andrew D. Prins (D.C. Bar No. 998490)
                                               LATHAM & WATKINS LLP
                                               555 Eleventh Street, NW
                                               Suite 1000
                                               Washington, DC 20004
                                               Telephone: (202) 637-2200
                                               Fax: (202) 637-2201
                                               Andrew.Prins@lw.com
                                               *Counsel for Plaintiff*