### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INSTITUTE FOR JUSTICE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 16-cv-2406 (TNM/GMH)** |
| ) | |
| **INTERNAL REVENUE SERVICE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

On October 23, 2018, this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, was referred to the undersigned for a report and recommendation on Plaintiff's motion for attorney's fees, which was filed after the Court entered judgment in this case, having granted-in-part and denied-in-part both Defendant's motion for summary judgment and Plaintiff's cross-motion for summary judgment, *see Inst. for Justice v. IRS*, 340 F. Supp. 3d 34 (D.D.C. 2018). In the fee motion, Plaintiff indicated its intent to appeal certain of the aspects of the judgment on the merits and suggested that the fee petition be in abeyance until resolution of that appeal. ECF No. 41 at 1; ECF No. 41-1 at 7. Defendant opposed the fee request, arguing in part that Plaintiff had not substantially prevailed on its claims. ECF No. 47 at 5–14. On February 11, 2019, in response to a consent motion, this case was stayed pending resolution of Plaintiff's appeal.

On November 1, 2019, the D.C. Circuit issued an opinion reversing the district court's decision on the parties' cross-motions for summary judgment. *Inst. for Justice v. IRS*, 941 F.3d 567 (D.C. Cir. 2019). Noting that the district court had "awarded summary judgment in large part in favor of [Defendant]," the appellate court held that genuine issues of material fact precluded the

grant of summary judgment and also vacated the district court's decision upholding Defendant's application of certain FOIA exemptions.  *Id.* at 569, 574–75.  It remanded the case to the district court for further proceedings and explicitly left "open to the district court . . . to consider the extent to which discovery may be appropriate in light of [the D.C. Circuit's] opinion."  *Id.* at 573, 575.

The D.C. Circuit's mandate issued on December 31, 2019 (ECF No. 52), and the district court reopened the case and lifted the stay on January 7, 2020.  Judge McFadden further ordered the parties to submit a status report on or before February 6, 2020, to provide a recommendation as to how this case should proceed on remand.

In light of the procedural posture of this case, specifically, the vacatur of the final judgment, it would appear that Plaintiff's motion for attorney's fees is (now) premature.  Rule 54(d)(2) indicates that, in the conventional case, a motion for attorney's should be brought "*after* the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added).  That makes good sense, as the rule seeks "to avoid piecemeal appeals of merits and fee questions."  *Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999).  To be sure, a party may seek interim fees where it has "raised a concern that, without such an award, [it] will not be able to continue the litigation."  *Fleming v. Medicare Freedom of Information Grp.*, 310 F. Supp. 3d 50, 53 (D.D.C. 2018) (citing *Clemente v. FBI*, 310 F.3d 111, 121 (D.C. Cir. 2017)).  But Plaintiff has made no such claim in its briefing.  Adding to that the facts that (1) Defendant opposed the motion for attorney's fees in part by arguing that Plaintiff had not substantially prevailed based on a judgment that has now been vacated and (2) there are likely to be further proceedings on remand (including, perhaps, discovery), which will result in additional attorney's fees that could be the subject of a fee motion, it seems inefficient to address the motion for attorney's fees as it is currently briefed.  Therefore, it is hereby

**ORDERED** that, on or before February 6, 2020, the parties shall address the appropriate manner in which to resolve Plaintiff's pending motion for attorney's fees; specifically, whether the motion should be withdrawn, denied without prejudice, or resolved in some other manner.  In the interests of efficiency, the parties may include their proposal as to the fee motion in the joint submission ordered by Judge McFadden.

**SO ORDERED.**

Date:   January 9, 2020

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE